IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02886-ZLW-MEH

TERRY VIGIL,

    Plaintiff,

v.

POLLY WALTERS, RN,
KARLIN WERNER, RN,
DR. JERE SUTTON, Physician, and
DR. LOUIS CABILING, Physician, each in their individual capacities,

    Defendants.

## ORDER ON PENDING MOTIONS

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendants' Motion for Sanctions [filed November 3, 2010; docket #40][1] and Plaintiff's Motion for Enlargement of Time [filed December 15, 2010; docket #57]. The Court has determined that it may resolve the motions without oral argument; therefore, the Status Conference scheduled for December 22, 2010 at 9:00 a.m. is hereby **vacated**.

Essentially, Defendants seek dismissal as a sanction against the Plaintiff for his refusal to testify without legal representation during his deposition in this case. Plaintiff, on the other hand, seeks extensions of the discovery cutoff and dispositive motions deadline to allow him to obtain counsel. The Court will grant in part and deny in part the motions.

First, the Court believes that dismissal of the case is too severe a sanction under the

---

[1] Defendant Sutton joined in the motion brought by Defendants Cabling, Walters and Werner. Docket #42.

circumstances of this case.  Plaintiff, proceeding *pro se* in this action, mistakenly believed that he was entitled to legal representation during his deposition on September 16, 2010.  As Plaintiff has learned from recent rulings in this case (docket #47), he is not entitled to be appointed counsel in a civil action.  At the same time, it is Plaintiff's obligation to obey court orders and to follow the applicable local and federal court rules.  Therefore, pursuant to Rule 37(b)(2)(A), the Court finds that a lesser sanction is appropriate here.  The Court will stay the proceedings to allow Defendants to take Plaintiff's deposition, if they so choose, on or before January 31, 2011.[2]  Fed. R. Civ. P. 37(b)(2)(A)(iv). Defendants may then supplement their motions for summary judgment on or before February 14, 2011.  The Plaintiff is ordered to appear at and participate in the deposition whether he is proceeding *pro se* or not; if he retains counsel, then, of course, Plaintiff's legal representative may attend.  If the Plaintiff fails to comply with this order, the Court will recommend finding Plaintiff in civil contempt of court pursuant to Fed. R. Civ. P. 37(b)(1) and will recommend dismissal of the case.  Defendants' motion for sanctions is, therefore, **granted in part and denied in part**.

In addition, the Plaintiff seeks extensions of the November 15, 2010 discovery cutoff and December 15, 2010 dispositive motions deadline in this case.  The Plaintiff has demonstrated no excusable neglect for failing to request an extension before the discovery cutoff; therefore, his motion is denied in this regard .  *See* Fed. R. Civ. P. 6(b)(1)(B).  With respect to the dispositive motions deadline, the Plaintiff asserts that he is in the process of seeking the assistance of counsel and requests an additional 60 days.  Typically, the Court would find such a request to constitute

---

[2]Defendant Sutton acknowledges that the only remaining discovery to be completed is Plaintiff's "full" deposition. Docket #62 at ¶ 3.

good cause for an extension of time. However, this case was initiated in September 2009 and Plaintiff sought no extensions nor informed the Court of his need for legal assistance until late July 2010. *See* docket #32. Nevertheless, the Court recognizes the benefit all parties receive when a *pro se* party retains counsel in a civil matter. Therefore, the Court will grant the Plaintiff an additional 30 days within which to file a dispositive motion, if he so chooses. In addition, the Plaintiff may file responses to the Defendants' pending motions for summary judgment on or before January 31, 2011. The Court will grant no further extensions of time in this matter absent a showing of exceptional cause.

Accordingly, based on the foregoing and the entire record herein, it is hereby ordered that Defendants' Motion for Sanctions [filed November 3, 2010; docket #40] and Plaintiff's Motion for Enlargement of Time [filed December 15, 2010; docket #57] are **granted in part and denied in part** as follows:

1. On or before January 31, 2011, Defendants may take the deposition of the Plaintiff, if they so choose;

2. The Plaintiff is ordered to attend and participate in the deposition with or without legal counsel;

3. If the Plaintiff fails to comply with this order, the Court will recommend finding Plaintiff in contempt of court and will recommend dismissal of the action;

4. If the Defendants take the Plaintiff's deposition within the time allotted, they may file supplements to their motions for summary judgment on or before February 14, 2011;

5. Plaintiff's request for extension of the discovery cutoff is denied;

      6.      Plaintiff's request for extension of the dispositive motions deadline is granted in part; the Plaintiff may file a dispositive motion on or before January 15, 2011; and

      7.      Plaintiff shall file responses to Defendants' pending motions for summary judgment on or before January 31, 2011.

In addition, a Final Pretrial Conference will be held in this case on Tuesday, **March 22, 2011,** at **9:30 a.m.** in Courtroom A-501 on the fifth floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.

The parties shall submit their proposed pretrial order, pursuant to District of Colorado Electronic Case Filing ("ECF") Procedures V.L. **no later than five (5) business days** prior to the pretrial conference. The proposed pretrial order to be submitted to the Magistrate Judge under the ECF Procedures must be submitted in a useable format (i.e., WordPerfect or Word only) and shall be emailed to the Magistrate Judge at *Hegarty_Chambers@cod.uscourts.gov*.

Attorneys and/or pro se parties not participating in ECF shall submit their proposed pretrial order on paper to the Clerk's Office. However, if any party in this case is participating in ECF, it is the responsibility of that party to submit the proposed pretrial order pursuant to the District of Colorado ECF Procedures.

The parties shall prepare the proposed pretrial order in accordance with the form which may be downloaded in richtext format from the forms section of the court's website at www.co.uscourts.gov. Instructions for downloading in richtext format are posted in the forms section of the website.

All out-of-state counsel shall comply with D.C. Colo. LCivR 83.3C prior to the pretrial conference.

The parties are further advised that they shall not assume that the court will grant the relief

4

requested in any motion.  Failure to appear at a court-ordered conference or to comply with a court-ordered deadline which has not be vacated by court order may result in the imposition of sanctions.

Dated at Denver, Colorado, this 17th day of December, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge