IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-02886-PAB-MEH

TERRY VIGIL,

    Plaintiff,

v.

POLLY WALTERS, RN,[1]
KARLIN WERNER, RN,[2]
DR. JERE SUTTON, Physician, and
DR. LOUIS CABILING, Physician, each in their individual capacities,

    Defendants.

_____

**ORDER**
_____

    This matter is before the Court on plaintiff's "Petition for Panel Rehearing" [Docket No. 91].  Plaintiff seeks to have the Court vacate its June 10, 2011 Order [Docket No. 89] dismissing this case with prejudice, resulting in judgment entering against plaintiff and for defendants on June 13, 2011 [Docket No. 90].  Plaintiff filed this request within twenty eight days of entry of judgment and, although he invokes Fed. R. App. P. 40, the Court construes the filing as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).  The Court will review plaintiff's motion liberally in light of plaintiff's pro se status.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

    On May 16, 2011, the magistrate judge recommended [Docket No. 86] that the

---

[1]Letha Walter was incorrectly identified by plaintiff as Polly Walters.

[2]Ernest Karlin was incorrectly identified by plaintiff as Karlin Werner.

defendants' motions for summary judgment [Docket Nos. 58, 59] be granted in part and denied in part and that plaintiff's complaint be dismissed with prejudice. The magistrate judge informed the parties that objections to the Recommendation must be filed within fourteen days after service of the Recommendation. No party filed any objections to the Recommendation. Therefore, the Court reviewed the Recommendation to determine whether there was any "clear error on the face of the record," *see* Fed. R. Civ. P. 72(b), Advisory Committee Notes, and, finding there was none, adopted the Recommendation on June 10, 2011, twenty four days after its service.

      Plaintiff, an inmate at the Crowley County Correctional Facility ("CCCF") in Olney Springs, Colorado, contends that he never received the Recommendation. *See* Docket No. 91 at 5. The Recommendation was mailed to plaintiff at CCCF. Plaintiff, however, has supplied evidence that CCCF did not record any incoming mail from the Court for plaintiff between April 25, 2011 and May 26, 2011. *See* Docket No. 91 at 17. From a review of the records, the Court finds that the May 26 incoming mail was likely the Minute Order [Docket No. 87] filed by the magistrate judge on May 23, 2011 vacating the final pretrial conference in light of the Recommendation. Therefore, plaintiff received notice of the Recommendation's issuance through receipt of the May 23 Minute Order. The Court, however, does not find that the May 23 Minute Order would make clear to a pro se plaintiff that the magistrate judge had recommended dismissal of the case. Moreover, the Minute Order would not put a pro se party on notice of the 14-day deadline to file objections to the Recommendation. Therefore, the Court has conducted de novo review of the Recommendation. Reviewing the parties' summary judgment arguments, including those plaintiff asserts in the present motion, the Court

finds that defendants' motions for summary judgment should be granted in part and denied in part for substantially the same reasons stated in the Recommendation.[3]

Plaintiff asserts claims pursuant to 42 U.S.C. § 1983, alleging that defendants violated the Eighth Amendment by failing to properly treat a medical condition. *See* Docket No. 3; Docket No. 91 at 5, ¶ 1.[4] "The Eighth Amendment's prohibition of cruel and unusual punishment imposes a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from serious bodily harm." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). "An Eighth Amendment claim has both an objective component – whether the deprivation is sufficiently serious – and a subjective

---

[3]Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-50 (1986); *Concrete Works, Inc. v. City & County of Denver,* 36 F.3d 1513, 1517 (10th Cir. 1994); *see also Ross v. The Board of Regents of the University of New Mexico*, 599 F.3d 1114, 1116 (10th Cir. 2010). A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.,* 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & County of Denver,* 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee,* 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*; *see McBeth v. Himes*, 598 F.3d 708, 715 (10th Cir. 2010).

[4]In the present motion, plaintiff also argues that defendants' failure to follow administrative rules constitutes a violation of plaintiff's due process rights. *See* Docket No. 91 at 7. "Plaintiff cannot sustain a due process claim simply by asserting that prison officials did not strictly follow the prison's internal regulations." *Frazier v. Zavaras*, No. 10-cv-02534-CMA-KMT, 2011 WL 4537001, at *5 (D. Colo. Sep. 30, 2011) (citing *Malik v. Kindt*, 76 F.3d 393, 1996 WL 41828, at *2 (10th Cir. Feb. 2, 1996) ("a failure to adhere to administrative regulations does not equate to a constitutional violation")).

3

component – whether the official acted with a sufficiently culpable state of mind." *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 809 (10th Cir. 1999). In the context of plaintiff's claim for inadequate medical care, he must show both that he suffered a "sufficiently serious" harm (the objective element of a deliberate indifference claim) and that the prison official knew of and disregarded "an excessive risk" to the inmate's health (the subjective element). *See Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005); *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994). Here, the record reveals no evidence supporting the conclusion that any defendant violated plaintiff's Eighth Amendment rights.

Plaintiff contends that defendants inadequately treated a diagnosed ventral umbilical hernia by failing to surgically repair the hernia for two years after its diagnosis. As plaintiff describes that decision, medical personnel informed him that they would not recommend surgery unless the condition worsened and that he would have to lose weight prior to surgery. Plaintiff's apparent disagreement with this medical determination does not establish an Eighth Amendment violation. *See Johnson v. Stephan*, 6 F.3d 691, 692 (10th Cir. 1993) ("a difference of opinion with the medical staff . . . does not rise to the level of a constitutional violation").

Plaintiff further contends that he experienced excruciating pain during a sixteen hour period between the worsening of the hernia condition on the evening of February 2, 2009 and surgery to repair the hernia on the afternoon of February 3 and that the delay resulted in the loss of a portion of plaintiff's intestine. "A prisoner may satisfy the subjective component by showing that defendants' delay in providing medical treatment

caused either unnecessary pain or a worsening of h[is] condition." *Mata*, 427 F.3d at 755. Defendants have supplied uncontested evidence, however, that, based on plaintiff's condition and complaints of pain, defendant Dr. Louis Cabiling prescribed plaintiff pain medication on the evening of February 2 and instructed that plaintiff be observed overnight. *See* Docket No. 59-1. Defendant Dr. Jere Sutton saw plaintiff mid to late morning on February 3, 2009, diagnosed him with a non-reducible hernia, and referred him to the hospital for evaluation that day. *See* Docket Nos. 59-5, 59-6. Plaintiff was transferred to the hospital and received surgery that afternoon. Medical records reveal no lasting complications from the procedure. Although plaintiff takes issue with the adequacy of the foregoing treatment, he supplies no evidence that any defendant disregarded a known risk of serious harm or that any delay in treatment resulted in such unnecessary pain or a worsening of the condition as to implicate the Eighth Amendment.[5]

In short, there is no basis to alter or amend the judgment entered in favor of defendants on plaintiff's claims.[6] Therefore, it is

---

[5] *Cf. Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976) ("[I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.' Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.").

[6] Grounds for granting a Rule 59(e) motion include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d

**ORDERED** that plaintiff's Petition for Panel Rehearing [Docket No. 91], which the Court construes as a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), is DENIED.

DATED November 10, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

941, 948 (10th Cir. 1995)).